313 So.2d 641 (1975)
Rudy J. PORTER et al., Plaintiffs-Appellants,
v.
The TRAVELERS INDEMNITY COMPANY and Interstate Fire & Casualty Company, Defendants-Appellees.
No. 4970.
Court of Appeal of Louisiana, Third Circuit.
April 21, 1975.
Rehearing Denied June 18, 1975.
Writ Refused September 17, 1975.
*642 Drewett, Jacques & Thomas by Robert W. Thomas, Lake Charles, for plaintiffs-appellants.
Holt & Woodley by Robert W. Fenet, Lake Charles, J. Winston Fontenot, Lafayette, for defendants-appellees.
Before FRUGÉ, CULPEPPER and DOMENGEAUX, JJ.
FRUGÉ, Judge.
This matter arises out of an automobile accident which occurred on March 1, 1973, in Lake Charles. Involved in the accident were Anthony L. Porter, an unemancipated minor operating a 1972 Honda motorcycle, and Clara T. Savoy. As a result of the accident Anthony L. Porter received personal injuries and loss of wages. Following the accident Rudy J. Porter, father of Anthony Porter, entered into a settlement with Mrs. Savoy and her insurer for the sum of $5,000 on August 23, 1973.
Suit was then filed against the present defendants, Travelers Indemnity Company and Interstate Fire and Casualty Company. Travelers, under a single policy, provides uninsured motorist coverage on three automobiles owned by Rudy J. Porter. Interstate provides uninsured motorist coverage on the motorcycle driven by Anthony Porter. Plaintiffs allege that they should be allowed to stack the coverage provided in these policies with the result that Clara T. Savoy qualifies as an uninsured motorist under the 1972 amendment to La.R.S. 22:1406, subd. D[1]. See Rascoe v. Wilburn, 295 So.2d 201 (La.App. 3rd Cir. 1974).
The defendants filed a motion for summary judgment alleging the applicability of an exclusion in the policy which requires written permission from the insurer before settlement with an uninsured motorist. The trial court granted the motion for summary judgment and plaintiffs perfected this appeal.
The controversy in this suit is based on the following policy language in the Travelers policy:
"Part IIIProtection Against Uninsured Motorists.
Exclusions:
This policy does not apply under Part III: (b) for bodily injury to an insured with respect to such insured, his legal representative or any person entitled to payment under this coverage shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor."
The exclusion in the Interstate Fire & Casualty policy employs essentially the same language.
In the recent case of Hebert v. Green, 311 So.2d 223 (La., decided March 31, 1975), the Supreme Court declared this "settlement without consent" exclusionary clause invalid when applied to exclude coverage when settlement has been made with an insured co-tortfeasor. The Court held the clause violated the minimum uninsured motorist coverage required by R.S. 22:1406, *643 subd. D. In Footnote 3 of the opinion the Supreme Court noted:
"We are considering in this case the validity of the consent to settle clause only when settlement has been with the cotortfeasor, not with the uninsured tortfeasor. Furthermore we are not in this case considering the validity of the clause as it relates to a settlement an insured tortfeasor who, under Act 137 of 1972 and Act 154 of 1974 . . . may be `uninsured' by virtue of being `underinsured'." 311 So.2d 223, Footnote 3.
In the case before us we are concerned with a settlement with a motorist who may be uninsured under Act 137 of 1972 by virtue of being underinsured. Therefore, under the facts before us the "settlement without consent" clause has not been invalidated by Hebert v. Green.
We do not reach the question of validity of the clause in this case since we believe that both Travelers and Interstate are estopped from raising the clause to deny coverage.
The record establishes that both defendants were notified of the Porters' claims against them prior to the settlement with Savoy and her insurer. There is evidence of several letters and telephone calls between Mrs. Porter, the wife of Rudy Porter and mother of Anthony Porter, and defendants. The letters form part of the record before us.
It is well established that both Travelers and Interstate denied any coverage under their respective policies. Letters in the record to Mrs. Porter clearly show this. A March 20, 1973, letter signed by Clara Woods from Southern States General Agency, Inc., Interstate's general agent, states:
"You have requested information concerning whether or not there is medical payments coverage on your policy. We regret to advise this coverage is not provided."
In a letter dated June 29, 1973, Mrs. Woods wrote:
"We have forwarded your letter of June 1 to our home office for further consideration. However, they advised that you will not be able to make any claim under the above-captioned policy for any excess above the $5,000 limits."
In a July 2, 1973, letter from T. Neill Rowland, claims representative for Travelers, Mrs. Porter was told ". . . we do not read any coverage whatsoever under the policy."
Appellants contend that this denial of coverage by Interstate and Travelers estops them from raising the exclusionary clause requiring written consent to settle.
Although equitable estoppel or estoppel "in pais", is not favored in our law, it will be applied when the evidence warrants it and when the ends of justice demand it. Equitable estoppel is applied where a person by his deed or conduct has induced another to act in a particular manner. Such person will not be permitted to later adopt an inconsistent position, attitude or course of conduct and thereby cause loss or injury to another. Deville Lumber Company, Inc. v. Chatelain, 308 So.2d 428 (La.App. 3rd Cir. 1975); Humble Oil & Refining Company v. Boudoin, 154 So.2d 239 (La.App. 3rd Cir. 1963). "To raise an equitable estoppel, the record must establish not only that the pleader relied upon a representation or other conduct, but also that he was justified in so doing." Justifiable reliance is fundamental. American Bank & T. Co. v. Trinity Universal Ins. Co., 251 La. 445, 205 So.2d 35, 40 (1967).
In denying that there was any recovery under their policies, defendants induced the Porters to believe that the settlement could be made without any adverse effects with regard to the defendants. Relying on the insurers' letters that no coverage was provided, the Porters entered the compromise with the Savoys and their insurer for the policy limits of the Savoy's policy. The actions *644 of Interstate and Travelers misled the Porters into thinking that this action could have no adverse effect.
Furthermore, the Porters' reliance on Travelers' and Interstate's denial of coverage was justified. The question of coverage involved a question of law under R.S. 22:1406, subd. D. In speaking of representations of law the Supreme Court has stated:
"Generally, a misrepresentation of law raises no equitable estoppel. Only under exceptional circumstances is a party justified in relying upon a representation of law. Such exceptional circumstances include the existence of a confidential relationship between the parties or greatly superior knowledge of the subject on the part of the representor." American Bank & T. Co. v. Trinity Universal Ins. Co., 251 La. 445, 205 So.2d 35, 40 (1967). (Emphasis added.)
Certainly the insurance companies have "greatly superior knowledge" on the question of coverage provided under their policies.
In view of these facts we hold that both Interstate and Travelers are equitably estopped from raising the "settlement without consent" clause as a bar to recovery by the plaintiffs.
Since we have found that defendants are estopped from raising the "settlement without consent" clause under the facts before us, it is unnecessary to decide the validity of that clause in this situation under the principles espoused in Hebert v. Green, supra. We leave this determination to a future case.
For the reasons assigned, the summary judgment of the trial court is reversed. The case is hereby remanded to the district court for further proceedings. Costs of this appeal are assessed to defendants-appellees.
Reversed and remanded.
NOTES
[1] R.S. 22:1406, subd. D(2)(b) as amended in 1972 provides as follows: "For purposes of this coverage the term uninsured motor vehicle shall, subject to the terms and conditions of such coverage, also be deemed to include an insured motor vehicle when the automobile liability insurance coverage on such vehicle is less than the uninsured's motorist coverage carried by an insured." This section of the statute was again amended by Act 154 of 1974.